UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| 54 REALITY, LTD, et al., | Case No. 1:18-cv-471 |
| Plaintiffs, | |
| vs. | Dlott, J.<br>Bowman, M.J. |
| LANCE HIMES, *et al.,* | |
| Defendants. | |

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Defendants' motion to dismiss (Doc. 23) and the parties' responsive memoranda. (Docs. 26, 29). Also, before the Court is Defendants' motion to transfer venue. (Doc. 19). The motions will be addressed in turn.

**I.      Background and Facts**

The Plaintiffs bring this civil-rights lawsuit pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986, and for violations of rights, privileges, or immunities secured by the Fourteenth Amendment to the U.S. Constitution and the Declaratory Judgments Act, 28 U.S.C. § 2201. The Plaintiffs seek compensatory damages, and injunctive and declaratory relief against the enforcement of Ohio's certificate of need requirements with respect to improvements to nursing homes and the acquisition of beds, and the policies and practices of the Ohio Department of Health and the Ohio Department of Aging, and the directors of those agencies, the other Defendants named in this complaint, as well as the John and Jane Doe Defendants who have conspired with these directors to effect the violations described herein.

*A. The Parties*

There are twenty-four Plaintiffs listed in the Amended Complaint, all of whom either own or operate nursing facilities in Ohio. Plaintiff's are identified as follows:

Harold Sosna, 72 Ventures Ltd., 54 Reality, Ltd., Avery Road Reality, LLC, Ivy Health Realty, LLC, Seminole Avenue Realty, LLC, Keller Road Realty Co., LLC, Steigler Road Realty, LLC, Clermont Health Realty, LLC, JZB Realty Holding Co. LLC, Pleasant Ridge Reality, LLC, F&H Realty Holding Company LLC, and Shining Knight Reality LLC, Avery Road Care Center, Inc., Euclid Health Care, Inc. d/b/a Madeira Health Center, Pleasant Ridge Care Center, Inc., Kenwood Terrace Care Center, Inc., Southbrook Health Care Center, Inc., Beechwood Terrace Care Center, Inc., Ivy Health Care, Inc., Social Row Transitional Care, Inc., Wexford Care Center, Inc., Wexford Place, Inc., and Amelia Care Center.

Plaintiff Harold Sosna is an Ohio licensed Nursing Home Administrator, and has for many years engaged in the business of acquiring, owning, operating, building, and improving long term care facilities/nursing homes and other activities related to the delivery of care and services to Ohio's elderly and medically needy citizens in long term care facilities.

Mr. Sosna owns all issued and outstanding shares or member units of Avery Road Realty, Pleasant Ridge Realty, JZB Realty, F&H Realty, Ivy Health Realty, Shining Knight Realty, Clermont Health Realty, Pleasant Ridge Care Center, Inc., Beechwood Terrace Care Center, Inc., Social Row Transitional Care, Inc., Ivy Heath Care, Inc., Avery Road Care Center, Inc., Wexford Care Center, Inc., and The Wexford Place, Inc. Harold Sosna owns 50% of the issued and outstanding shares or member units of Steigler Road Realty,

Keller Road Realty, Seminole Avenue Realty, 54 Realty, 72 Ventures, Euclid Health Care, Inc., Kenwood Terrace Care Center, Inc., and Southbrook Health Care Center, Inc.

Plaintiffs assert claims against the following defendants:

Defendant Lance Himes, Director of the Ohio Department of Health ("ODH"); Beverly L. Lauber, Director of the Ohio Department of Aging ("ODA"); Gay Lynne Gibson, Health Care Facilities Surveyor for the Ohio Department of Health; Rhoda Elisabeth Jones, Health Care Facilities Surveyor for the Ohio Department of Health; Amanda Kay Fruth, a Health Care Facilities Surveyor for the Ohio Department of Health; Tammy Lynn Lorbach, a Health Care Facilities Surveyor for the Ohio Department of Health; Sherri Sue Edler, a Health Care Facilities Surveyor for the Ohio Department of Health; Crystal Autumn Mullins, a Health Care Facilities Surveyor for the Ohio Department of Health; Lindsey Renee Pasanen, a Health Care Facilities Surveyor for the Ohio Department of Health; Teresa Lynn Raleigh is a Health Care Facilities Surveyor for the Ohio Department of Health; and Emily Bonita Hester, a Health Care Facilities Surveyor for the Ohio Department of Health.

*B. CON denial and Claims*

The Plaintiff companies all own or operate nursing homes in Ohio. (Doc. 16, Amended Complaint ("AC") ¶¶ 7-18). All of these companies are owned in whole or part by Plaintiff Harold Sosna. (AC ¶¶ 6, 19). Mr. Sosna is an Ohio licensed Nursing Home Administrator, and his companies have been routinely recognized for excellence in delivery of health care and other necessary services. (AC ¶ 6). His homes have been rated highly by residents and surveyors alike. (AC ¶ 60).

In addition to developing new homes, Mr. Sosna's companies have also acquired older facilities and have invested significant sums to modernize and update them. (AC ¶ 61). Over the last decade, his companies have spent more than $80 million to improve their facilities.

All of the Plaintiffs' significant expenditures have required State approval. A company cannot just build a nursing home in Ohio; it must first obtain a Certificate of Need (or "CON") from the Ohio Department of Health ("ODH"). (AC ¶¶ 32-43). A "certificate of need" is written approval from the Director of ODH authorizing a "reviewable activity." Ohio Rev. Code § 3702.51(C). "Reviewable activities" include construction or replacement of a long-term care facility; renovation of an existing facility that involves a capital expenditure of two million dollars or more; an increase in bed capacity; and a relocation of beds. See Ohio Rev. Code § 3702.511. Unless Ohio Rev. Code § 3702.59 applies, as explained below, if the project proposed in a CON application meets all of the applicable criteria for approval, the Director of ODH must approve it. See Ohio Rev. Code § 3702.52(C)(1). For a period of five years after implementation of the reviewable activity, ODH monitors the entity granted the CON for substantial compliance with the certificate. Id. at (E)

Another CON is needed to replace an existing facility, or spend more than $2 million on improvements to an existing facility, or add beds to the facility, or relocate beds from one facility to another. (AC ¶ 43).). Until the events giving rise to this litigation, the Department of Health has regularly granted applications submitted by Mr. Sosna's companies for Certificates of Need, allowing them to expand and improve their facilities

4

for the benefit of their residents. The Department of Health, however, has announced that it will not grant any CON to any of the Plaintiffs for the next five years.

This case stems from state action regarding Embassy Bryden Place ("Bryden Place"). Bryden Place (which is not a plaintiff) was a skilled nursing facility located in Columbus, Ohio. It was owned by Plaintiff 72 Ventures, which is, in turn, half-owned by Plaintiff Harold Sosna. 72 Ventures contracted with Embassy Bryden Place, LLC (which is not a plaintiff) to operate the Bryden Place facility, and Embassy Bryden Place, LLC held a license to operate the facility. The Ohio Department of Health ("ODH") issued a notice to Embassy Bryden Place, LLC proposing to revoke its license to operate Bryden Place. That notice triggered application of Ohio Rev. Code § 3702.59(B), which states:

> (1) The director [of ODH] shall not approve an application for a certificate of need for the addition of long-term care beds to an existing long-term care facility or for the development of a new long-term care facility if any of the following apply:
>
> (b) During the sixty-month period preceding the filing of the application, a notice of proposed license revocation was issued under section 3721.03 of the Revised Code for the existing long-term care facility in which the beds are being placed or a nursing home owned or operated by the applicant or a principal participant, unless in the case of such a nursing home the notice was issued solely because the nursing home had already closed or ceased operations.

(Emphases added). That is, if a "principal participant" of the CON applicant owns a nursing home that has been issued a notice of proposed license revocation in the sixty months prior to the applicant's submission of a CON application for (1) the addition of long-term care beds to an existing facility or (2) the development of a new facility, the

5

application shall not be approved.[1] There is no prohibition against CONs for any of the other "reviewable activities" listed in Ohio Rev. Code § 3702.511.

After ODH proposed revocation of Embassy Bryden Place, LLC's license, Avery Road Realty submitted a CON application to construct a new long-term care facility and to transfer beds to that facility. Amended Complaint (Doc. 16) at ¶¶ 135, 137. ODH denied that application pursuant to O.R.C § 3702.59(B) . (Doc. 16) at ¶ 137. Namely, when Avery Road Realty submitted its CON application, Plaintiff Harold Sosna owned Avery Road Realty in its entirety. (Doc. 16) at ¶ 19. He was therefore a principal participant of Avery Road Realty when it submitted its CON application. Mr. Sosna also owns 50% of Plaintiff 72 Ventures, which owned the facility Bryden Place. Id. As detailed above, the statute prohibits the approval of certificates of need for two specific activities for an applicant who is at least 5% owned by someone who has had, within the past five years, a notice of revocation issued to a nursing facility that he owns or operates.

Avery Road Realty requested a hearing to challenge the denial of its CON application. The ODH Hearing Examiner wrote a report and recommendation expressly noting that ODH was misapplying the statute and had improperly denied Avery's application. (Doc. 26, Ex. B). The Hearing Examiner concluded that "Avery's CON application should not have been denied under R.C. § 3702.59(B)(1)(b)." (Id. at 3). At the time of the filing of the instant motions to dismiss, the administrative case remains pending.

---

[1] A "principal participant" is either: (1) A person who has an ownership or controlling interest of at least five per cent in an applicant, in a long-term care facility that is the subject of an application for a certificate of need, or in the owner or operator of the applicant or such a facility; or (2) An officer, director, trustee, or general partner of an applicant, of a long-term care facility that is the subject of an application for a certificate of need, or of the owner or operator of the applicant or such a facility. Ohio Rev. Code § 3702.51(R).

6

This suit followed the denial of Avery Road Realty's CON application.

Plaintiffs allege that due to the revocation of Embassy Bryden Place, LLC's license to operate Bryden Place, Ohio Rev. Code § 3702.59 bars them from having any certificate of need application approved for five years and that that bar violates their various rights.

Lance Himes, Director of ODH, and Beverley Laubert, Director of the Ohio Department of Aging ("ODA") have been named Defendants in their individual and official capacities. Nine nursing home inspectors within ODH (called "surveyors") have also been named Defendants in their official capacities. The Amended Complaint first raises claims against all Defendants in their official capacities. It asserts violations of procedural due process, substantive due process, and equal protection. Specifically, the Amended Complaint claims that all Defendants violated Plaintiffs' procedural due process rights by not giving them an opportunity to participate in an administrative hearing regarding the revocation of Embassy Bryden Place, LLC's license. (Doc. 16 at ¶¶ 145-146, 150, 151). It also asserts a violation of Plaintiffs' substantive due process rights based upon Defendants' alleged deprivation of Plaintiffs' property rights and their right to earn a living in the occupation of their choice. See id. at ¶¶ 155-173.

The Amended Complaint then raises an equal protection violation against Defendants, arguing that because entities unrelated to Bryden Place are not precluded from receiving CONs, it violates equal protection to deny CONs to entities affiliated with Bryden Place. Id. at ¶ 178. Plaintiffs also claim that Defendants discriminated against the disadvantaged and mentally ill and those who care for them. Id. at 176. The Amended Complaint then raises claims only against Directors Himes and Laubert in their individual capacities. It asserts, through 42 U.S.C. § 1983, violations of procedural due process,

substantive due process, and equal protection. It then claims an unlawful conspiracy, in violation of 42 U.S.C. § 1985, and an unlawful failure to prevent the alleged harms, in violation of 42 U.S.C. § 1986. In furtherance of their § 1983 claim, Plaintiffs re-assert their procedural and substantive due process and equal protection arguments. Amended Complaint (Doc. 16) at ¶ 185. In furtherance of their § 1985 claim, Plaintiffs argue that Directors Himes and Laubert conspired to deprive Plaintiffs of equal protection and use of their property through use of the survey process to impose fines, initiate license revocations, and force the closure of facilities targeted by ODH and ODA. *Id.* at ¶¶ 191-192.

Finally, Plaintiffs argue that Directors Himes and Laubert violated § 1986 by being aware of the above harms and not preventing them. *Id.* at ¶ 197. The Amended Complaint seeks a declaration that Defendants have violated Plaintiffs' due process and equal protection rights; a declaration that Ohio's CON program and implementing rules are unconstitutional on their face and as applied because they violate due process and equal protection; injunctive relief ordering Defendants to comply with federal law; and compensatory damages.

Defendants now move to dismiss Plaintiff's amended complaint for the following reasons: 1) All Plaintiffs except Mr. Sosna and 72 Ventures lack standing; 2) Younger abstention applies to Plaintiff's claims; 3) The Eleventh Amendment bars Plaintiffs' requested relief from Defendants in their official capacities; 4) The Amended Complaint must be dismissed because it is premised on inadmissible evidence; 5) Teresa Raleigh and Emily Hester must be dismissed as Defendants; 6) Plaintiffs fail to state claims of procedural due process, substantive due process, and equal protection; 7) Plaintiffs' §

8

1983 claims against Directors Himes and Laubert in their individual capacities must be dismissed; 8) Plaintiffs have failed to state claims under §§ 1985 and 1986; 9) declaratory judgment is improper. Upon careful review, the undersigned finds that *Younger* abstention should be applied and this matter stayed pending the outcome of the state administrative proceeding.

**II. Standard of Review**

A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the claims. The court is required to construe the complaint in the light most favorable to the Plaintiff, and accept all well-pleaded factual allegations in the complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) and *Lewis v. ACB Business Services*, 135 F.3d 389, 405 (6th Cir. 1998). A court, however, will not accept conclusions of law or unwarranted inferences which are presented as factual allegations. *Blackburn v. Fisk University*, 443 F.2d 121, 124 (6th Cir. 1974). A complaint must contain either direct or reasonable inferential allegations that support all material elements necessary to sustain a recovery under some viable legal theory. *Lewis v. ACB*, 135 F.3d at 405 (internal citations omitted). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted); *Association of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). Even though a complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to

9

relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted).

   **III.    Analysis**

*Younger* abstention derives from a desire to prevent federal courts from interfering with the functions of state criminal prosecutions and to preserve equity and comity. *Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) ("This underlying reason for restraining courts of equity from interfering with criminal prosecutions is reinforced by an even more vital consideration, the notion of 'comity,' that is, a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.").

The Supreme Court later clarified that *Younger* abstention can apply to cases that are not criminal prosecutions but noted that such applications are narrow and exist only in a few exceptional circumstances. *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 368, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989) ("NOPSI") (finding that Younger abstention did not apply to state council utility ratemaking procedure as it was essentially a legislative act and not judicial in nature). Regarding the situations to which *Younger* applies, first, *Younger* permits abstention when there is an ongoing state criminal prosecution. Id.  Next, *Younger* precludes federal involvement in certain civil enforcement proceedings. Id. These are proceedings that "are akin to criminal prosecutions*." Sprint Commc'ns, Inc. v. Jacobs*, 134 U.S. 584, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013). Finally, *Younger* pertains to "civil proceedings involving certain

10

orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," such as contempt orders. *NOPSI,* 491 U.S. at 368, 109 S.Ct. 2506 (citations omitted).

Once the proceeding is found to fit into one of the three *NOPSI* categories listed above, the court evaluates the proceeding using a three-factor test laid out in *Middlesex County Ethics Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). See *Sprint Commc'ns, Inc.,* 134 S.Ct. at 593–94 (clarifying that the Middlesex factors are only considered by a court after the court decides that one of the NOPSI exceptional circumstances is present). The *Middlesex* test states that abstention may occur when three criteria are met: (1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims. *Middlesex*, 457 U.S. at 432-34, 102 S.Ct. 2515 (holding that abstention from a state bar disciplinary hearing was proper as the state has traditionally exercised control over the conduct of attorneys, and the "judiciary as well as the public is dependent upon professionally ethical conduct of attorneys and thus has a significant interest in assuring and maintaining high standards of conduct of attorneys engaged in practice"); see also *Habich v. City of Dearborn*, 331 F.3d 524, 530 (6th Cir. 2003).

Here, Defendants argue that civil enforcement proceedings like Avery's appeal of ODH's denial of its CON application fit within the exceptionally-narrow circumstances warranting abstention here. Namely, Defendants contend that the state proceeding began when ODH issued a formal notice denying Avery Road Realty's application for a CON. ODH is a party to the proceeding, which involved the opportunity for presentation of

witnesses (including cross-examination) and exhibits. See Ohio Rev. Code §§ 3702.60 (applying Chapter 119, 119.03(D)). The hearing occurred in October 2018, however an administrative decision has not yet been issued. (Dee Doc. 23, Ex. 2). The state proceeding is therefore ongoing.

Plaintiffs, however, contend that threshold requirement for applying *Younger* abstention is that the state civil enforcement proceeding must be 'quasi-criminal' in nature." *Acra Turf Club, Ltd. Liab. Co. v. Zanzuccki*, 748 F.3d 127, 138 (3d Cir. 2014) (quoting Sprint, 134 S.Ct. at 593) (emphasis added) [2] Plaintiff argues the administrative appeal at issue is not quasi-criminal in nature. Plaintiff's contention is unavailing.

The state proceeding involves the denial of Avery Road Realty's application for a CON. ODH denied the CON application through a formal notice issued to Avery Road Realty. *See id.* That denial is a sanction against Avery Road Realty and is based on its affiliation with the owner of a facility whose operator's license was revoked. See id. ODH is a party to the proceeding. See id. Thus, "while the proceeding may lack all the formalities found in a trial, it contains enough protections and similarities to qualify as 'akin to criminal prosecutions' for purposes of Younger abstention." *Doe v. Univ. of Ky.*, 860 F.3d 365, 370 (6th Cir. 2017). Based on the foregoing the undersigned agrees that the state administrative proceeding is a civil enforcement proceeding outlined by *NOPSI*. *See Sprint Communs., Inc.*, 571 U.S. at 79-80.

---

[2] The Third Circuit found that when "evaluating whether a state proceeding is quasi-criminal, [a court must] consider the factors set out in Sprint, including whether (1) the action was commenced by the State in its sovereign capacity, (2) the proceeding was initiated to sanction the federal plaintiff for some wrongful act, and (3) there are other similarities to criminal actions, such as a preliminary investigation that culminated with the filing of formal charges." *ACRA Turf Club,* 748 F.3d at 138. Plaintiffs contend that Avery's administrative appeal of ODH's denial of its CON application does not fit any of the factors listed above. Although instructive, the Court is not bound by holdings from the Third Circuit.

Having so concluded, the undersigned must next examine the factors outlined in *Middlesex* to determine of *Younger* abstention properly applies. As detailed above, under the *Middlesex* test, abstention is proper when "(1) state proceedings are currently pending; (2) the proceedings involve an important state interest; and (3) the state proceedings will provide the federal plaintiff with an adequate opportunity to raise his constitutional claims." *Doe v. Univ. of Ky.*, 860 F.3d 365, 369 (6th Cir. 2017) (citing Middlesex at 432-34). Here, the state proceeding remains pending. Moreover, the State certainly has an important interest in regulating nursing facilities licensed by ODH, one of its agencies. Finally, the proceeding culminates in an available appeal to state court, where constitutional challenges may be raised. *See, e.g., Kellough v. Ohio State Bd. of Edn.*, No. 10AP-419, 2011 Ohio App. LEXIS 370, at ¶ 36 (Feb. 1, 2011); *Jain v. Ohio State Med. Bd.,* No. 09AP-1180, 2010 Ohio App. LEXIS 2364, at ¶ 7 (Jun. 22, 2010).

In sum, the undersigned finds that the administrative proceeding is judicial in nature. The State has an important interest in regulating nursing facilities licensed by ODH, one of its agencies. And the proceeding culminates in an available appeal to state court, where constitutional challenges may be raised. Notably, Plaintiffs' claims in the Amended Complaint stem from one action: the denial of Avery Road Realty's CON application. Accordingly, the undersigned finds that *Younger a*bstention should be applied to this matter. As such, this matter should be stayed pending the resolution of Plaintiff Avery's appeal of ODH's denial of its CON application at the state administrative level.[3]

---

[3] Federal trial courts have the power to stay proceedings, even for an indefinite period of time. *See Landis v. North Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). To determine whether a stay is appropriate in this case, the Court must consider the following factors: "the need for a stay, the balance of potential hardship to the parties and the public, and the promotion of judicial economy. *Dowler v. Med.*

13

## IV. Conclusion

Based on the foregoing, it is therefore **RECOMMENDED** that Defendants' motion to dismiss (Doc 23) be **GRANTED in part,** such that this matter is **STAYED** pending the outcome of the Plaintiff Avery's appeal of the ODH's denial of its CON application; and; the remaining pending motions (Docs. 5, 8, 19) be **DENIED as MOOT**.

<span style="margin-left:3em">*s/Stephanie K. Bowman*<br>
Stephanie K. Bowman<br>
United States Magistrate Judge</span>

---

*Shoppe*, No. 2:07 CV 848, 2007 WL 2907519, at *2 (S.D. Ohio Oct. 3, 2007). *Younger* abstention notwithstanding, the undersigned finds this matter should be stayed to further judicial economy and eliminate potential conflicting rulings and findings of fact.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| 54 REALITY, LTD, et al., | Case No. 1:18-cv-471 |
| Plaintiffs, | |
| | Dlott, J. |
| vs. | Bowman, M.J. |
| LANCE HIMES, *et al.,* | |
| Defendants. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).